**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICK DANIEL, #465128,

    Petitioner,

v.              CASE NO. 07-CV-12273

BARRY DAVIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

  This habeas corpus case, brought pursuant to 28 U.S.C. § 2254,[1] is again before the court, this time on Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  A motion under Rule 60(b) must be made within a reasonable time.[2]  The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable

---

 [1] In a separate order issued concurrently with this order, the court denied Petitioner's motions to transfer consideration of filings, to recuse the district court, and to stay the proceedings.  The procedural background of the case is fully set forth in that order and will not be repeated here, but in short, this Petitioner, having been found driving around the western U.S. with the dismembered bodies of his former girlfriend and a randomly-selected homeless man in the trunk of his car, admitted killing them but claimed accident and self defense, respectively.  He was convicted of murdering both.  Sentenced to life. Appeal unsuccessful. Habeas denied. Certificate of Appealability denied. Certiorari denied.

 [2] Under Rule 60(b)(1), (2), and (3), the time limit is more specific: not more than one year after the entry of a judgment or order or the date of the proceeding.  *See* Fed. R. Civ. P. 60(c)(1); *see also Conner v. Attorney General,* 96 F. App'x 990, 992 (6th Cir. 2004).

relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  A district court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation.  *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Petitioner asserts that he is entitled to relief from judgment under Rule 60(b)(6), claiming that the court's denial of his habeas petition was improper for various reasons.  Petitioner filed the instant motion more than a year and a half after entry of the court's opinion and order denying him relief, and did not act within a reasonable time in bringing his motion.  The bases he alleges for his motion were or could have been known to him at the time he received the court's decision.  Petitioner has provided no sufficient explanation as to why the court should consider as reasonable his extended delay in bringing this motion.

Moving beyond untimeliness to substance, Petitioner is not entitled to relief from judgment in any event.  Under Federal Rule of Civil Procedure 60(b), a district court may grant relief from a final judgment or order only upon a showing of one of six reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Petitioner's Rule 60(b)(6) motion, although its brief is well-typed and runs to 67 pages, is unconvincing.  Garrulousness plus neatness does not equal substance.  For

the reasons comprehensively set forth in its original opinion and order, to which the court firmly adheres, the court finds no basis to conclude that it erred either in denying the habeas petition or in declining to issue a certificate of appealability.  The Sixth Circuit, as well, declined Petitioner's invitation to issue a certificate of appealability as to those same claims.  Petitioner has failed to establish that extraordinary circumstances warrant relief from judgment in this case.[3]

IT IS ORDERED that Petitioner's motion for relief from judgment [Dkt. # 27] is DENIED.  This case is closed.  No further pleadings should be filed in this matter.

                s/Robert H. Cleland
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated:  December 19, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 19, 2011, by electronic and/or ordinary mail.

                S/Lisa Wagner
                Lisa Wagner
                Case Manager and Deputy Clerk
                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\07-12273.DANIEL.Deny.Mot.Relief.From.Judgment.ctb.2.wpd

---

[3] To the extent that Petitioner's motion might be construed as seeking reconsideration under the Local Rules, it fails. Such a motion that merely presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). There is no "palpable defect" shown by which the court has been misled or that a "different disposition must result from a correction thereof," as required by Local Rule 7.1(h)(3).