**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICK DANIEL, #465128,

          Petitioner,

v.                                        CASE NO. 07-CV-12273

BARRY DAVIS,

          Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS TO TRANSFER CONSIDERATION OF FILINGS, TO RECUSE THE DISTRICT COURT, AND TO STAY PROCEEDINGS**

Michigan prisoner Patrick Daniel ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 state court convictions for two counts of first-degree murder, Mich. Comp. Laws § 750.316(1)(a), and one count of mutilation of a human body, Mich. Comp. Laws § 750.160, for which he was sentenced to concurrent terms of life imprisonment without the possibility of parole and three to ten years imprisonment. On March 29, 2010, the court denied the petition and declined to issue a certificate of appealability. On January 3, 2011, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. On October 3, 2011, the United States Supreme Court denied his petition for writ of certiorari. *Daniel v. Davis*, 132 S. Ct. 276 (2011). This matter is before the court on Petitioner's motions to transfer consideration of filings, to recuse the district court, and to stay the proceedings.[1]

---

[1] Petitioner has also filed a motion for relief from judgment which will be addressed in a separate order.

As an initial matter, Petitioner seeks to transfer consideration of his post-judgment motions to another court and requests that this court recuse itself due to allegations of judicial bias in the court's determination of his habeas petition. Disqualification or recusal of a district judge is governed by 28 U.S.C. § 455. Subpart (a) of that statute provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540 (1994). Subpart (b) of that statute provides, in relevant part, that a district judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). This standard is objective and is not based upon the subjective view of the party seeking recusal. *United States v. Dandy*, 998 F.3d 1344, 1349 (6th Cir. 1993).

Petitioner alleges bias based upon the court's rulings in this case. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Petitioner has pointed to nothing in the court's handling of this case which demonstrates such a deep-seated antagonism. He has failed to establish that a reasonable person would find that prejudice or bias exists or to otherwise present facts to support recusal or disqualification. *See Burton v. Jones*, 321 F.3d 569, 577 (6th Cir. 2003). He merely dislikes the court's handling and resolution of his habeas claims. Such complaints provide no basis for transfer of his filings or recusal from consideration of his post-judgment matters. His motions for transfer or recusal shall therefore be denied.

     Petitioner also requests a stay of the proceedings to ensure that the court considers his motion to transfer before his other post-judgment motions. Given the court's resolution of that motion, Petitioner's motion to stay the proceedings has been rendered moot and shall be denied. Accordingly,

     IT IS ORDERED that Petitioner's "Motion to Recuse the District Court" [Dkt. # 26], "Motion to Stay Proceedings" [Dkt. # 28], and "Motion to Transfer Consideration of Filings" [Dkt. # 29] are DENIED.

                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: December 19, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 19, 2011, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522